**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| **STEPHANIE YOUNG and STEVE YOUNG, JR.,** | : | |
| | : | |
| | : | **CASE NO:** |
| **Plaintiffs,** | : | **7:25-cv-160–WLS** |
| **v.** | : | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | : | |
| | : | |
| **Defendant.** | : | |

## ORDER

Before the Court is Defendant's Motion to Dismiss (Doc. 6) and Request for Oral Argument (Doc. 7) (together the "Motions"). After review, the Motion to Dismiss is denied in part and granted in part. Further, as the pleadings in the Record and the Parties' briefs are fully adequate for the Court's review, consideration, and resolution of the Motion to Dismiss, no hearing is necessary. Therefore, the Court denies the Request for Oral Argument.

## I. PROCEDURAL BACKGROUND

Plaintiffs commenced the above-captioned action on September 19, 2025, by filing a Complaint for Breach of Contract, Bad Faith, and Attorneys' Fees (Doc. 1-2 at 2–6) ("Complaint") in the State Court of Lowndes County, Georgia. Specifically, the Complaint asserts claims for breach of contract (Count I); bad faith damages, including a penalty of the greater of 50 percent of liability or $5,000, and reasonable attorney fees pursuant to O.C.G.A. § 33-4-6 (Count II); and attorney fees pursuant to O.C.G.A. § 13-6-11 (Count III). For relief, Plaintiffs seek (1) damages for breach of contract in an amount not less than $76,806.93, plus consequential damages and interest; (2) bad faith damages; (3) attorney fees and costs; (4) pre- and post-judgment interest; and (5) such other damages and relief deemed just. (Doc. 1-2 at 6).

On November 10, 2025, Defendant filed its Special Appearance Answer and Defenses (Doc. 1-2 at 63–71) and Notice of Removal (Doc. 1), pursuant to 28 U.S.C. § 1332, invoking this Court's diversity jurisdiction. After removal, on November 17, 2025, Defendant filed an

1

Amended Answer and Defenses of Defendant (Doc. 5) and the instant Motion to Dismiss. On December 9, 2025, Plaintiffs filed an Amended Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 11) ("Response"), and on December 22, 2025, Defendant filed its Reply (Doc. 12) thereto. Thus, the Motion to Dismiss is fully briefed and ripe for resolution.[1]

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a party to assert by motion the defense of failure to state a claim upon which relief can be granted.[2] A motion to dismiss a plaintiff's complaint under Rule 12(b)(6) should not be granted unless the plaintiff fails to plead enough facts to state a claim for relief that is plausible, and not merely conceivable, on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Dismissal for failure to state a claim is proper if the factual allegations are not 'enough to raise a right to relief above the speculative level.'" *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (quoting *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008) (per curiam)). "Stated differently, the factual allegations in the complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief.'" *Edwards*, 602 F.3d at 1291 (quoting *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (per curiam)).

The Court must conduct its analysis "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334,

---

[1] Plaintiffs request that they be allowed to amend the Complaint to the extent the Court is inclined to grant the Motion to Dismiss as to any count. Plaintiffs assert that "[f]utility is not present here. Plaintiffs' allegations are substantively sound. Any deficiency is marginal and easily curable through amendment." (Doc. 11 at 14). Plaintiffs, however, have not filed a separate motion to amend the Complaint, and these assertions are not supported by any specific information or argument upon which the Court can conclude that justice requires permitting an amendment. *See* Fed. R. Civ. P. 15(a)(2) (providing that the "court should freely give leave [to amend] when justice so requires."). For these reasons and because Plaintiffs' Response is not the proper vehicle to request leave to amend the Complaint, the Court declines to consider such request.

[2] As a threshold issue, the Court notes that Federal Rule of Civil Procedure 12(h) provides that "[f]ailure to state a claim upon which relief can be granted, . . . or to state a legal defense to a claim may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). An answer to a complaint is included in the pleadings allowed under Rule 7(a). As Plaintiffs failed to raise this issue in their Response to the Motion to Dismiss, the Court declines to consider whether Defendant waived the filing of a Rule 12(b)(6) motion by filing its Answer prior to filing the instant Motion to Dismiss, or whether such motion should be construed as a Rule 12(c) motion for judgment on the pleadings—which, in any event, would result in applying the same standard as in a Rule 12(b)(6) motion.

1335 (11th Cir. 2003) (per curiam). "In evaluating the sufficiency of a plaintiff's pleadings, [the Court] make[s] reasonable inferences in plaintiff's favor, but [the Court is] not required to draw plaintiff's inference." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (internal quotation marks and citation omitted), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449 (2012). The Supreme Court instructs that while on a motion to dismiss "a court must accept as true all of the allegations contained in a complaint," this principle "is inapplicable to legal conclusions," which "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Twombly*, 550 U.S. at 555)).

## III.  MOTION TO DISMISS

### A.  The Allegations

With this standard in mind, the Court briefly recounts the allegations in the Complaint. As alleged, Plaintiffs own the property and improvements thereon located at 4150 Northlake Drive, Valdosta, Lowndes County, Georgia (the "Property"). (Compl. ¶ 1). The Property was insured by Defendant under Policy No. 81ECT4382 ("Policy")[3] which was in effect at all times material to the Complaint. (*Id.* ¶ 6). Among other coverages, the Policy includes Coverage A (Dwelling), Coverage B (Other Structures), Coverage C (Personal Property), and Coverage D (Loss of Use). (*Id.*) Per Plaintiffs, the Policy is a valid and binding contract that was in effect on September 27, 2024, when the Property sustained a covered loss as a result of Hurricane Helene ("Loss"). (*Id* ¶ 7, 16). Plaintiffs allege the Loss is covered by the Policy and the Loss was reported to Defendant promptly after it occurred. (*Id.* ¶ 7–8). Defendant assigned Claim No. 11P9061L8 to Plaintiffs' Loss and inspected the Property. (*Id.* ¶ 8–9). Plaintiffs contend that they have fully cooperated with Defendant and its representatives to make the Property available for inspection, and they have performed all applicable conditions precedent as required under the Policy. (*Id.* ¶¶ 9, 14).

Plaintiffs allege that Defendant has acknowledged coverage of the Loss is due, but issued payment totaling only $13,124.25. (*Id.* ¶ 10). They allege that on February 17, 2025, they submitted a revised estimate in the amount of $88,931.18, along with proof of loss, and photographic documentation of the damages to the Property. (*Id.* ¶ 11). Plaintiffs allege that

---

[3] A copy of the Policy is attached to the Complaint as Exhibit A. (*See* Doc. 1-2 at 7–61).

despite repeated requests, Defendant has refused to reconsider its valuation, has failed to properly adjust the Loss, undervalued key repairs and replacement items, applied unjustified depreciation to contents, and failed to timely pay undisputed benefits. (*Id.* ¶ 12). Plaintiffs issued a formal written demand for payment on August 22, 2025. (*Id.* ¶ 22).

Plaintiffs contend Defendant's conduct, "including undervaluing clear damage by misinterpreting the facts of the damages and the policy coverages, conducting an incomplete investigation of the [L]oss, refusing to pay undisputed amounts, and failing to follow fair claims-handling standards, constitutes bad faith." (*Id.* ¶ 24). Plaintiffs further allege that Defendant has acted in bad faith by being stubbornly litigious and causing Plaintiffs unnecessary trouble and expense. (*Id.* ¶ 27).

### B. Analysis

Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Complaint in its entirety. As to Count I—breach of contract, Defendant contends that Plaintiffs failed to allege a breach of contract with sufficient specificity to satisfy federal pleading standards. As to Count II—Defendant contends Plaintiffs did not give the sixty-day notice required under O.C.G.A. § 33-4-6 prior to filing their lawsuit. Finally, Defendant contends Plaintiffs failed to state a claim for attorney fees under O.C.G.A. § 13-6-11 or a claim for prejudgment interest because O.C.G.A. § 33-4-6 provides the exclusive procedure for insureds to recover "extra-contractual damages" against their insurer. The Court addresses each of these arguments in turn.

1. <u>*Plaintiffs pled sufficient facts to plausibly state a claim for breach of contract under Twombly and Iqbal.*</u>

To state a claim for breach of contract, Plaintiffs must plausibly allege that Defendant owed them a contractual obligation and that it breached that obligation, causing Plaintiffs to incur damages. *See Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1237 (11th Cir. 2019) (citing *Norton v. Budget Rent A Car Sys., Inc.*, 705 S.E.2d 305, 306 (Ga. Ct. App. 2010)); In *Est. of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020), the Eleventh Circuit explained that a plaintiff failed to plead plausibly a Georgia breach of contract claim under the Federal Rules of Civil Procedure where he did "not allege[] *any* general or specific provision of *any* contract

4

that [defendant] might have breached." (Emphasis added). Defendant asserts that Plaintiffs' claim fails at the breach element because Plaintiffs make only conclusory allegations of a breach, they fail to identify the exact Policy provision(s) breached, and they fail to provide sufficient factual basis for their allegation that they sustained damages as a result of any breach. (Doc. 6-1 at 4–5)

In asserting that Plaintiffs' allegations are conclusory, Defendant quotes three paragraphs from the Complaint as examples of conclusory allegations: (1) paragraph 13 alleging that "Defendant has failed and refused to properly adjust the loss, undervalued key repairs and replacement items, applied unjustified depreciation to contents, and failed to timely pay undisputed benefits[;]" (2) paragraph 17 alleging that "Plaintiffs suffered a covered Loss, provided timely notice, and complied with all obligations under the Policy[;]" and (3) paragraph 19 alleging that "Defendant's refusal to pay the amounts owed constitutes a breach of contract." (Doc. 6-1 at 4–5).

Without concluding that the above-referenced allegations are conclusory, the Court notes that Defendant completely ignores the allegations contained in paragraphs 6–12 and 14 which are summarized above and which as Plaintiffs argue (1) allege the existence of a valid insurance Policy issued by Defendant, (2) a covered loss which occurred during the Policy period, (3) Defendant's partial, but inadequate payment, and (4) Defendant's failure to fully indemnify Plaintiffs under the terms of the Policy. The Complaint specifically states the date and cause of the Loss; *i.e.*, September 27, 2024, and Hurricane Helene. Plaintiffs allege the Policy provides for "hurricane-related damages." (Doc. 1-2 at 4). In addition, Plaintiffs allege that Defendant acknowledged coverage was due under the Policy by issuing a partial payment, but that Defendant has not fully indemnified Plaintiffs for the Loss. They further allege that Defendant has refused to re-evaluate the Loss without giving a basis for such refusal. Plaintiffs allege they have incurred additional expenses protecting the Property by commencing repairs to the Property in mitigation of damages. Finally, Plaintiffs allege Defendant materially breached the Policy by failing to tender an appropriate amount to repair the Property which they allege totals $88,931.18 and that they are entitled to damages related to the breach of contract in the amount of not less than $76,806.93.

In other words, Plaintiffs alleged the Policy provisions Defendant breached; *i.e.*, the provisions which provided coverage for sudden and accidental direct physical loss, hurricane-related damages, and the provision regarding Plaintiffs' entitlement to replacement costs. Specifically, Plaintiffs point to the provisions including Coverage A (Dwelling), Coverage B (Other Structures), Coverage C (Personal Property), and Coverage D (Loss of Use). *See Boyd v. State Farm Fire & Casualty Co.*, No. 7:24-cv-116, 2025 WL 1073710, at *4 (M.D. Ga. Apr. 9, 2025) (denying motion to dismiss breach of contract claim regarding similar insurance policy provisions on basis that plaintiff did not plead the provision breached with sufficient particularity under federal pleading standards). Thus, the Court finds Plaintiffs pled sufficient facts to identify the allegedly breached provisions of the Policy and sufficient facts to plausibly state a claim for breach of contract under *Twombly* and *Iqbal*.

Accordingly, the Court finds that dismissal of Count I is not warranted on the grounds that Plaintiffs failed to state a claim, and Defendant's Motion to Dismiss Count I is **DENIED**.

2. *Plaintiffs failed to state a claim for the bad faith penalty and attorney's fees under O.C.G.A. § 33-4-6*.

O.C.G.A. § 33-4-6 provides:

> In the event of a loss which is covered by a policy of insurance and the refusal of the insurer to pay the same within 60 days after a demand has been made by the holder of the policy and a finding has been made that such refusal was in bad faith, the insurer shall be liable to pay such holder, in addition to the loss, not more than 50 percent of the liability of the insurer for the loss or $5,000.00, whichever is greater, and all reasonable attorney's fees for the prosecution of the action against the insurer.

To state a claim for an insurer's bad faith under O.C.G.A. § 33-4-6, Plaintiffs must allege facts which establish: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Barron v. State Farm Fire & Cas. Co.*, No. 7:25-CV-4, 2025 WL 2045728, at *3 (M.D. Ga. July 21, 2025) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007) (citing O.C.G.A. § 33-4-6))); *see also Lavoi Corp. v. Nat'l Fire Ins. of Hartford*, 666 S.E.2d 387, 392 (Ga. Ct. App. 2008) (same). "Since the statute imposes a penalty, its requirements are strictly construed." *BayRock Mortg. Corp.*, 648 S.E.2d at 435 (citation omitted). "[T]o serve as a bad faith demand, the demand must be made at a time

6

when immediate payment is due." *Primerica Life Ins. Co. v. Humfleet*, 458 S.E.2d 908, 910 (Ga. Ct. App. 1995); *see also Buffalo Ins. Co. v. Star Photo Finishing Co.*, 172 S.E.2d 159, 163 (Ga Ct. App. 1969) (stating payment is not due "if the insurer, under the terms of the insurance policy, has additional time left in which to investigate or adjust the loss and therefore had no legal duty to pay at the time the demand is made.").

In Count II Plaintiffs allege that on August 22, 2025, they issued a formal written demand for payment to Defendant in accordance with O.C.G.A. § 33-4-6, that Defendant failed to pay the claim within 60 days of the demand without good cause, and that Defendant's conduct, "including undervaluing clear damage by misinterpreting the facts of the damages and the policy coverages, conducting an incomplete investigation of the Loss, refusing to pay undisputed amounts, and failing to follow fair claims-handling standards, constitutes bad faith." (Doc. 1-2 at 5). Thus, Plaintiffs assert they are entitled to statutory penalties under O.C.G.A. § 33-4-6, including the greater of 50 percent of Defendant's liability or $5,000, and reasonable attorney fees.

Defendant contends, however, that Plaintiffs did not wait for 60 days after their demand for payment was made on August 22, 2025, to file their Complaint which was filed on September 19, 2025. Since Plaintiffs filed their Complaint only 28 days after their demand for payment, Defendant argues they failed to state a claim for bad faith under § 33-4-6. Plaintiffs argue that dismissal is not appropriate for a prematurely filed bad faith claim. They assert that "Georgia courts, both state and federal, have consistently held that such claims may be abated or stayed to allow the statutory period to expire, rather than dismissed." (Doc. 11 at 2). Plaintiffs are incorrect and they misrepresent the holdings of the cases they cite in support of their position. For instance, they state the holding in *Buffalo Ins.* is "that abatement, not dismissal, is the appropriate remedy for premature filing." (*Id.* at 3). Yet, nowhere does *Buffalo Ins.* mention an abatement or delay of dismissal. Rather, *Buffalo Ins.* determined that where the insured failed to file a proof of loss as required by the insurance policy, payments never became due.

Plaintiffs also cite *Brown v. Great N. Ins. Co.*, No. 2:14-CV-00015, 2015 WL 898357, at *8 (N.D. Ga. Mar. 3, 2015) stating that the court "recogniz[ed] that a bad faith claim filed prematurely may still be viable once the demand period has run." (Doc. 11 at 3). Once again,

7

Plaintiffs' misrepresent the findings in *Brown*. The facts with respect to the premature filing of the lawsuit in *Brown* are the same as those here—the insured filed suit against the insurer less than 60 days after making the demand for payment. The *Brown* court stated:

> [B]ecause the statute is strictly construed, the Court finds that an individual may only seek bad faith penalties once 60 days have passed without an insurer paying a covered loss, even if an insurer purports to deny coverage before the expiration of the deadline. *Because Plaintiff filed suit less than 60 days after making his demand, he is not entitled to bad faith penalties under O.C.G.A. § 33–4–6.*

*Brown*, 2015 WL 898357, at *8. Here, the facts as stated in the Complaint and as is clear from the Court's docket, Plaintiffs filed their suit less than 60 days after they made their demand for payment.

Based on the foregoing, the Court finds that by failing to wait for 60 days after their August 22, 2025 written notice for demand of payment, Plaintiffs failed to state a bad faith claim under O.C.G.A. § 33-4-6, and accordingly, Defendant's Motion to Dismiss Count II is **GRANTED**. Count II is **DISMISSED WITHOUT PREJUDICE**.

### 3. *Plaintiff failed to state a claim for attorney's fees under O.C.G.A. § 13-6-11*

In Count III, Plaintiffs assert that Defendant has acted with bad faith, been stubbornly litigious, and caused Plaintiffs unnecessary trouble and expense. They claim they are entitled to attorney fees under O.C.G.A. § 13-6-11 because of these actions. Defendant contends that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover attorney fees and litigation expenses against his/her insurer.

> § 13-6-11 provides:
>
> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11. Case law supports Defendant's position with respect to attorney fees. *Powers v. Unum Corp.*, 181 F. App'x 939, 944 n.8 (11th Cir. 2006) (per curiam) (stating "[t]he district court also properly concluded that [plaintiff's] claim for attorneys fees and litigation expenses under O.C.G.A. § 13–6–11 was barred by O.C.G.A. § 33–4–6, which provides insureds the exclusive procedure to recover attorneys fees." (citing *McCall v. Allstate Ins. Co.*,

310 S.E.2d 513, 515–16 (Ga. 1984), *abrogated by statute on other grounds as found in Smith v. Phillips*, 323 S.E.2d 669, 675 (Ga. Ct. App. 1984))).

In *McCall*, the Georgia Supreme Court found that an insured could not recover bad faith damages against her uninsured motorist insurer under O.C.G.A. § 33-7-11(j) which specifically applies to motor vehicle insurance policies. Similar to O.C.G.A. § 33-4-6, O.C.G.A. § 33-7-11(j) provides:

> If the insurer shall refuse to pay any insured any loss covered by this Code section within 60 days after a demand has been made by the insured and a finding has been made that such refusal was made in bad faith, the insurer shall be liable to the insured in addition to any recovery under this Code section for not more than 25 percent of the recovery or $25,000.00, whichever is greater, and all reasonable attorney's fees.

Also similar to this case, the plaintiff in *McCall* sought attorney fees under O.C.G.A. § 13-6-11 on the basis that the defendant insurer had been stubbornly litigious. The Georgia Supreme Court considered that § 33-6-11 "provides for the allowance of expenses of litigation in contract cases generally; *e.g.*, where the defendant has been stubbornly litigious." *McCall*, 310 S.E.2d at 515. The Georgia Supreme Court noted that recovery under § 13-6-11 did not require a pretrial demand for payment, a time limit for payment following demand, nor a limitation on the percentage of recovery. *Id.* The Georgia Supreme Court

> therefore conclude[d] that where the General Assembly has provided a specific procedure and a limited penalty for noncompliance with a specific enactment (e.g., uninsured motorist coverage), the specific procedure and limited penalty were intended by the General Assembly to be the exclusive procedure and penalty, and recovery under general penalty provisions will not be allowed.

*Id* at 515-16; *see also Adams v. Unum Life Ins. Co. of Am.*, 508 F. Supp. 2d 1302, 1319 (N.D. Ga. 2007) (finding O.C.G.A. § 33–4–6 is insured's exclusive remedy for attorney's fees, and insured may not recover attorney's fees and litigation expenses from insurer under other general penalty provisions, including O.C.G.A. § 13–6–11). Similar to the Georgia Supreme Court's finding in *McCall*, § 33-4-6 specifically applies to the liability of an insurer for bad faith damages. It requires a pre-suit demand for payment, a time limit for payment following demand prior to filing suit, and a limitation on the percentage and amount of recovery. Section 13-6-11 is a general provision applying to contracts and does not include such provisions.

9

Plaintiffs contend that "Georgia courts have recognized that § 13-6-11 applies broadly to bad faith conduct in litigation and claims handling, not merely to the specific 60-day refusal framework." (Doc. 11 at 10). Plaintiffs misrepresent the holdings of the two cases they cite as support for this position.

First, Plaintiffs cite *Balboa Life & Cas., LLC v. Home Builders Fin., Inc.*, 697 S.E.2d 240, 245 (Ga. Ct. App. 2010) stating that "[w]hile the [*Balboa*] court acknowledged that § 33-4-6 is the primary vehicle for recovery when a statutory 60-day refusal occurs, the court did not hold that § 13-6-11 is completely barred." (Doc. 11 at 10). The *Balboa* court in fact made the opposite finding stating "[t]he mortgagee's claim for expenses of litigation, including attorney fees, under O.C.G.A. § 13–6–11 was not authorized because the penalties contained in O.C.G.A. § 33-4-6 are the *exclusive* remedies for an insurer's bad faith refusal to pay insurance proceeds." *Balboa*, 697 S.E.2d at 245 (alteration adopted) (emphasis added) (internal quotation marks omitted). This finding clearly does not find that § 33-4-6 is only the primary remedy, but that it is the exclusive remedy for attorney fees and expenses of litigation against an insurer.

Second, Plaintiffs cite *Primerica Life Ins.*, 458 S.E.2d 908, as support for their contention that "Georgia law distinguishes between claims for statutory bad faith penalties under § 33-4-6 (tied to the 60-day refusal to pay) and claims for equitable damages under § 13-6-11 based on broader bad faith conduct." (Doc. 11 at 10). According to Plaintiffs, in footnote 2 of the decision, the *Primerica Life Ins.* court "not[ed] that § 13-6-11 provides relief for bad faith conduct outside the specific § 33-4-6 framework." However, § 13-6-11 is not discussed in the *Primerica Life Ins.* decision and footnote 2 to the decision does not exist.

Based on the foregoing, the Court finds that attorney fees under O.C.G.A. § 13–6–11 are barred by O.C.G.A. § 33–4–6, which provides insureds' exclusive procedure to recover attorney fees against an insured. *See McCall*, 310 S.E.2d at 515-16; *Powers*, 181 F. App'x at 944 n.8. Therefore, Plaintiffs failed to state a claim for attorney fees under O.C.G.A. § 13-6-11, and accordingly, Defendant's Motion to Dismiss Count III is **GRANTED**. Count III is **DISMISSED WITH PREJUDICE**.

10

### 4. *Prejudgment Interest*

Plaintiffs request an award of pre- and post-judgment interest as allowed by law in their general Prayer for Relief (*Id.* at 6).[4] Defendant contends that O.C.G.A. § 33-4-6 is the exclusive provision under which an insured can recover "extra-contractual damages" against his/her insurer, including prejudgment interest. (Doc. 6-1 at 14–15).

As Plaintiffs point out, they do not assert prejudgment interest as an independent cause of action. (Doc. 11 at 12). In some cases involving a defendant's attempt to dismiss a plaintiff's prayer for relief via a Rule 12(b)(6) motion to dismiss, our sister court has found that a request for relief, is not a claim within the meaning of Federal Rule of Civil Procedure 8(a)(2). *See Branch v. O'Brien*, No. 4:14-CV-147, 2014 WL 7405780, at *2 (S.D. Ga. Dec. 29, 2014) (stating "It is clear that a request for punitive damages is not a 'claim' within the meaning of Federal Rule of Civil Procedure 8(a)(2);[5] it is only part of the relief prayed for in a claim.") (alterations adopted) (internal quotation marks omitted)). The same is true in this case. As this Court has found above, Plaintiffs' breach of contract claim set forth in Count I remains as a substantive claim against Defendant. As part of their remedy for relief for such breach, Plaintiffs seek prejudgment interest. In *Branch*, the district court stated:

> A plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety. To be sure, the requested relief is irrelevant to a court's determination as to whether or not a plaintiff has stated a claim for relief for purposes of Rule 8(a)(2). Whether a claim for relief should be dismissed under Rule 12(b)(6) "turns not on 'whether [a plaintiff] has asked for the proper remedy but whether he is entitled to *any* remedy.'" *See City of Los Angeles v. Lyons*, 461 U.S. 95, 130, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983) (quoting Wright & Miller, Federal Practice and Procedure § 1664). It follows then that Rule 12(b)(6), a vehicle for testing whether a plaintiff is entitled to relief, is an improper vehicle for challenging the sufficiency of a prayer for relief, which is

---

[4] In their Complaint, Plaintiffs do not reference a particular statute under which they seek prejudgment interest. However, in their Response, Plaintiffs contend that "[u]nder Georgia law, prejudgment interest is generally available in contract claims as a form of consequential damages, representing the time value of money wrongfully withheld." (Doc. 11 at 12). In support of this position, Plaintiffs cite O.C.G.A. § 34-6-2 (establishing interest rates for judgments). (*Id.*). Contrary to Plaintiff's assertion, this Georgia Code section has nothing to do with interest on judgments—pre or post. Rather it is titled "Use of force or threats to prevent another from quitting or continuing employment."

[5] Rule 8(a)(2) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"

11

merely part of the relief sought. Accordingly, [prejudgment interest] is not a 'cause of action' subject to dismissal under Rule 12(b)(6).

*Branch*, 2014 WL 7405780, at *2 (cleaned up); *see also Lockhart v. State Farm Fire & Cas. Co.*, No. 5:25-CV-118, 2026 WL 983098, at *6 (S.D. Ga. Apr. 13, 2026) (declining to dismiss the types of relief targeted in State Farm's motion to dismiss for "failure to state a claim).

Further, the Court finds Defendant's argument that prejudgment interest is only available under § 33-4-6 unpersuasive. The phrase "extra-contractual damages" is an undefined term used by Defendant which appears nowhere in § 33-4-6. Neither does the term "prejudgment interest" appear in § 33-4-6. Further, none of the cases cited by Defendant discuss prejudgment interest in the context of § 33-4-6. In *Powers*, the Eleventh Circuit states that "[t]he district court also properly concluded that Powers's claim for *attorneys fees* and litigation expenses under O.C.G.A. § 13–6–11 was barred by O.C.G.A. § 33–4–6, which provides insureds the exclusive procedure to recover *attorneys fees*." 181 F. App'x 939 at 944 n.8 (emphasis added); *see also Balboa Life & Cas., LLC*, 697 S. E. 2d at 245 (finding that the mortgagee's claim for expenses of litigation, including attorney fees, under O.C.G.A. § 13-6-11 was not authorized because the penalties contained in O.C.G.A. § 33–4–6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds" (cleaned up)); *Butler v. Nationwide Mut. Fire Ins. Co.*, No. 1:21-CV-2138-MLB, 2022 WL 684157, at *10 (N.D. Ga. Mar. 8, 2022) (finding that "Georgia precedent makes it clear that a claim for attorney fees and expenses of litigation under OCGA § 13-6-11 is not authorized. The penalties contained in OCGA § 33-4-6 are the exclusive remedies for an insurer's bad faith refusal to pay insurance proceeds." (citations and internal quotation marks omitted)); *Adams*, 508 F. Supp. 2d at 1319 (finding that O.C.G.A. § 33–4–6 was plaintiff's exclusive remedy for attorney's fees, and plaintiff could not recover attorney's fees and litigation expenses under other general penalty provisions, including O.C.G.A. §§ 9–15-14 and 13–6–11). Defendant has not cited to any authority specifically finding that prejudgment interest is a "litigation expense" that is only available to an insured under § 33-4-6. Nor has this Court found any cases specifically finding that § 33-4-6 is the only statute under which an insured can recover prejudgment interest from an insurer or that prejudgment interest is an expense of litigation only available under § 33-4-6.

12

Based on the foregoing, the Court finds that dismissal of Plaintiffs' prayer for relief in the form of prejudgment interest is not warranted on the grounds that Plaintiffs failed to state a claim as represented by Defendant. Accordingly, Defendant's Motion to Dismiss Plaintiffs' request for prejudgment interest relief is **DENIED, WITHOUT PREJUDICE**.[6]

### C. Conclusion as to Motion to Dismiss

Upon a full review of the pleadings, the Parties' briefs, and the Record in this matter, and for the reasons stated above, Defendant's Motion to Dismiss (Doc. 6) is **DENIED in PART and GRANTED in PART**.

The Motion to Dismiss is **GRANTED**:

1. With respect to Count II—Bad Faith (O.C.G.A. § 33-4-6), and Count II is, therefore, **DISMISSED WITHOUT PREJUDICE**, and

2. With respect to Count III–Attorneys' Fees (O.C.G.A. § 13-6-11), and Count III is, therefore, **DISMISSED WITH PREJUDICE**.

The Motion to Dismiss (Doc. 6) is **DENIED** in all other respects.

## IV.   REQUEST FOR ORAL ARGUMENT

Defendant requests that the Court hold a hearing on the Motion to Dismiss. Neither the Federal Rules of Civil Procedure nor the Court's local rules entitle litigants to oral argument on motions to dismiss, and the Court is not required to hold a hearing before resolving a motion to dismiss. *See Roberts v. FNB S. of Alma*, 716 F. App'x 854, 857 (11th Cir. 2017) (citing *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998)); *see also Coney v. Macon-Bibb Cnty*, No. 5:19-cv-00145, 2019 WL 13098500, at *1 (M.D. Ga. June 6, 2019) (first citing *Thomas v. United States*, 245 F. App'x 18, 19–20 (Fed. Cir. 2007); and then citing *Barker v. Norman*, 651 F.2d 1107, 1119 (5th Cir. 1981)); M.D. Ga. L.R. 7.5 (explaining that courts in this district decide all motions "without a hearing unless otherwise ordered by the court on its own motion or in its discretion upon request of counsel"). As set forth above, the Court has resolved the Motion to Dismiss based on the filings which the Court finds fully adequate for its review and

---

[6] This Order should not be interpreted as a guarantee that Plaintiffs will be able to recover all requested types of relief listed in the Complaint. Rather, this Order merely analyzes the Complaint to determine whether this case may move beyond the pleading stage.

decision. Thus, oral argument is unnecessary, and Defendant's Request for Oral Argument (Doc. 7) is **DENIED**.

**SO ORDERED**, this 23rd day of July 2026.

/s/W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

14